In the Matter of Larry Gene
DARSEY, Debtor.

Shirley M. SHEPHERD, (Formerly Shirley M. Cook) and Linda L. Quillian, Administratrix of the Estate of Charles M. Quillian, IV, Deceased, Plaintiffs,

v.

Larry Gene DARSEY, Defendant.

Bankruptcy No. 86–50119.
Adv. No. 87–5096.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Nov. 28, 1988.

Ed S. Sell, III, Mitchel P. House, Jr., Robert O. House, Macon, Ga., for plaintiffs.

Danny L. Akin, Macon, Ga., for defendant.

ROBERT F. HERSHNER, Jr., Chief Judge.

## STATEMENT OF THE CASE

Larry Gene Darsey, Defendant, filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code on January 21, 1986. On November 20, 1987, Shirley M. Shepherd and Linda L. Quillian, Plaintiffs, filed a complaint seeking to have a debt in the amount of $725,000 determined to be nondischargeable under section 523(a)(6) of the Bankruptcy Code.[1] The debt is based upon a judgment awarded in a wrongful death action.[2]

Defendant filed an answer and counterclaim with the Court on December 15, 1987. Plaintiffs filed an answer to the counterclaim on January 5, 1988. On January 15, 1988, Defendant filed a motion to dismiss the complaint. The Court denied the motion to dismiss on February 19, 1988.

Defendant and Plaintiffs each filed a motion for summary judgment[3] on August 8, 1988. The Court, having considered the evidence presented, now publishes its findings of fact and conclusions of law.

## FINDINGS OF FACT

The parties filed a stipulation with the Court on August 8, 1988, in which it is stipulated that this Court may use the transcript and exhibits from the trial held in the Superior Court of Houston County, Georgia, on September 21, 1987 and September 22, 1987. It is also stipulated that this Court may use the complaint and answer filed in that same state court action. Based upon the evidence, the Court finds the relevant facts to be as follows.

On Saturday, December 25, 1984, Defendant and John Thomas Quillian, along with several other individuals, were gathered on a riverbank near Georgia Highway 96. A construction crane was present at the site. The crane belonged to Defendant's employer, Rogers Bridge Company. During the evening, Defendant positioned the boom of the crane so that a tire could be placed on the crane's hook. The tire was not secured to the hook by rope or wire, but was simply laid over the hook. The tire rested a few feet above the ground, and was used as a swing by some of those gathered at the riverbank.

Around ten o'clock, Mr. Quillian mounted the tire and requested that it be raised. Defendant started the crane's engine and repeatedly raised and lowered the tire. Defendant then raised the tire as high as the cable attached to the boom would allow and began to move the boom. The centrifugal force generated by the movement of the boom caused Mr. Quillian and the tire to swing outward. As the boom moved around, Mr. Quillian was swung through the surrounding trees. Mr. Quillian and the other individuals present began shouting at Defendant, demanding that Defendant stop the movement of the boom. Defendant continued operating the boom, despite the cries of Mr. Quillian and the onlookers. When Defendant finally stopped the movement of the boom, the cable swung toward the boom causing Mr. Quillian to hit the boom. The contact with the boom dislodged the tire, causing Mr. Quillian to fall to the ground from a considerable height.

Mr. Quillian sustained severe injuries as a result of the fall. Witnesses were able to keep him alive for a period of time, how-

1. 11 U.S.C.A. § 523(a)(6) (West 1979 & Supp. 1988).

2. *Sheperd v. Darsey*, Civ. Action No. 85–V–29590–8 (Houston County Super.Ct. Sept. 23, 1987).

3. R.Bankr.P. 7056; Fed.R.Civ.P. 56.

ever he died less than two hours after the fall. Mr. Quillian was sixteen years of age.

The evidence shows that Defendant and Mr. Quillian each consumed alcoholic beverages during the course of the evening. Tests showed that Defendant's blood alcohol level was .15 and Mr. Quillian's blood alcohol level was .03.

Plaintiffs brought a wrongful death action against Defendant in the Superior Court of Houston County, Georgia. The court charged the jury, in pertinent part, as follows:

> Ladies and gentlemen, the plaintiffs in this case have alleged that John Thomas Quillian died as a proximate result of negligence of the Defendant, Larry Darsey. Plaintiffs allege that Defendant Darsey was negligent (a) in operating dangerous equipment while in a highly intoxicated state; (b) in operating dangerous equipment in a manner in which it was not intended to be operated, and in such a manner as to be in a reckless disregard for the safety of John Thomas Quillian. And in failing to cease his reckless conduct, and after knowing of said dangers, and being requested on several occasions to cease said conduct by John Thomas Quillian, the deceased, as well as others present.

The jury returned a verdict in favor of Plaintiffs in the amount of $725,000.

## CONCLUSIONS OF LAW

Plaintiffs and Defendant have each moved for summary judgment in this adversary proceeding. In deciding whether to grant or deny a motion for summary judgment, the Court must follow the standard set forth in Bankruptcy Rule 7056, which adopts Rule 56 of the Federal Rules of Civil Procedure in its entirety. Rule 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Section 523(a)(6) of the Bankruptcy Code renders any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" nondischargeable. 11 U.S.C.A. § 523(a)(6) (West 1979 & Supp.1988). The term "willful" means deliberate or intentional. H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6321; S.Rep. No. 989, 95th Cong., 2d Sess. 79 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5865. In drafting section 523(a)(6), Congress specifically rejected the reckless disregard standard propounded by the Supreme Court in *Tinker v. Colwell,*[4] thus only an intentional act will satisfy the "willful" element. The evidence establishes that Defendant voluntarily consumed alcoholic beverages. The evidence further establishes that Defendant voluntarily started the engine of the crane and moved the boom from which Mr. Quillian was suspended. The Court concludes that Defendant acted willfully.

The element of malice is separate and distinct from the element of willfulness under section 523(a)(6). Malice is defined as the "intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent." *Black's Law Dictionary* 862 (5th ed. 1979). The "malicious" element of subsection (a)(6) may be satisfied by a showing of implied malice. *See Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904); *Wheeler v. Laudani,* 783 F.2d 610 (6th Cir.1986); *St. Paul Fire & Marine Insurance Co. v. Vaughn,* 779 F.2d 1003 (4th Cir.1985); *Mason Lumber Co. v. Martin (In re Martin),* 70 B.R. 146 (Bankr.M.D. Ala.1986). The Court finds no justification or excuse for Defendant's actions. The Court finds that Defendant acted with malice as that term is used in section 523(a)(6).

**4.** 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904).

In *In re Fielder*,[5] the Eleventh Circuit Court of Appeals held that a particular set of facts may be so "egregious as to add up to nondischargeability as a matter of law under § 523(a)(6)." *In re Fielder*, 799 F.2d 656, 661 (11th Cir.1986). This Court finds that the facts of this adversary proceeding present such a situation, therefore the judgment awarded Plaintiffs in state court is determined to be a nondischargeable debt.

In his counterclaim, Defendant asserts that Plaintiffs initiated this adversary proceeding in bad faith and that Plaintiffs' complaint is vexatious and burdensome. Defendant seeks an award of costs and reasonable attorney fees. In light of the Court's opinion, the relief sought by Defendant must be denied.

---

**5.** *State Farm Mutual Automobile Insurance Co. v. Fielder* (*In re Fielder*), 799 F.2d 656 (11th Cir.1986).